UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

                Plaintiff,                                  No. 11-CV-13631

vs.                                                      Hon. Gerald E. Rosen

WAYNE COUNTY PROSECUTOR,

                Defendant.
_____/

### ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       November 30, 2011

PRESENT:   Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On August 19, 2011, Plaintiff Cheryl L. Theriot filed a *pro se* complaint against the Wayne County Prosecutor complaining about her son's detention and appearance in 36th District Court in Detroit for a pre-trial examination on charges of first-degree murder. This is the third such *pro se* complaint Plaintiff has filed against the Wayne County Prosecutor arising out of her son's July 16, 2011 arrest on the murder charges. *See also Theriot v. Wayne County Prosecutor*, E.D. Mich. No. 11-13158; and *Theriot v. Wayne County Prosecutor*, E.D. Mich. No. 11-13413.

In this action, Plaintiff complains that on August 17, 2011, "the Wayne County Prosecutor along with the 36th District Court, falsely imprisoned her son, James D.

1

Theriot." She further claims that she asked a Detroit Police homicide investigator, "Sgt. Love," that James be excused from appearing in court, but her request was disregarded, and her son was brought from the jail to the 36th District Court where he was "interrogated and harassed by a lawyer." These actions, Plaintiff claims, violated her son's and her civil rights. Plaintiff has been granted permission to proceed with this action *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915. After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Having reviewed Plaintiff Theriot's complaint in the instant action, the Court concludes -- as it did with regard to Plaintiff's two previous actions --  that the complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's complaint is predicated upon the allegedly false imprisonment of her son. Plaintiff was not herself "falsely imprisoned." It is well-settled that "a litigant may only assert the violation of his or her own constitutional rights." *O'Malley v. Brierley*,

477 F.2d 785, 789 (3d Cir.1973) (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960). One cannot sue for the deprivation of another's civil rights. *Id.; TOPIC v. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.) *cert. denied*, 429 U.S. 859 (1976) (litigants have no standing to assert civil rights of third parties injured by unlawful conduct). "Only persons actually deprived of their individual civil rights can redress such rights." *United States v. Madison County Board of Education*, 379 U.S. 929 (1964). *See also Krum v. Sheppard*, 255 F.Supp. 994 (W.D. Mich. 1966), *aff'd*, 407 F.2d 490 (6th Cir. 1967). As difficult as it must be for a mother in Plaintiff's position, she simply has no cause of action for the deprivation of her son's rights, and Plaintiff's bare allegation that her own civil rights were also violated by her son's imprisonment cannot, and does not, cure this legal deficiency.

Furthermore, even if a cause of action has been alleged, Plaintiff seeks monetary relief from a defendant who is immune from such relief. Plaintiff has brought her suit against the Wayne County Prosecutor. A prosecutor, however, is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Likewise, a prosecutor is absolutely immune from civil suit based on a decision whether or not to prosecute or to terminate a prosecution. *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982); *Curry v. Jensen*, 523 F.2d 387 (9th Cir. 1975), *cert. denied*, 423 U.S. 998 (1975); *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972). "Absolute prosecutorial immunity is not

3

defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute. . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Courts will bar § 1983 suits arising out of even unquestionably illegal or improper conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor. *Imbler*, 424 U.S. at 413; *Burns v. Reed*, 500 U.S. 478, 490-91 (1991). Consistent with *Imbler* and *Burns*, the Sixth Circuit has repeatedly held that *all* of a prosecutor's activities intimately associated with the judicial phase of the criminal process, including acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. *Brooks v. Rothe*, 577 F.3d 701, 712 (6th Cir. 2009); *Adams v. Hanson*, 656 F.3d 397, 401-04 (6th Cir. 2011) (the prosecutorial function includes initiating criminal proceedings, appearing before the court at a probable cause hearing or before a grand jury, seeking an arrest warrant, and preparing witnesses; hence, defendant whose challenged conduct concerned discussions with potential witness at preliminary examination was protected by absolute immunity); *Cady v. Arenac County*, 574 F.3d 334, 341 (6th Cir. 2009) (actions taken in connection with plea negotiations protected by immunity). Even knowingly obtaining the issuance of a criminal complaint and arresting a defendant based on false or coerced statements is protected because "securing the person of the defendant is part of initiating a

prosecution." *Joseph v. Patterson*, 795 F.2d 549 (6th Cir.1986).

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Therefore,

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith. Therefore, leave to appeal *in forma pauperis* will be DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  November 30, 2011

I hereby certify that a copy of the foregoing document was served upon Cheryl L. Theriot, 456 Marston Street, Detroit, MI 48202 on  November 30, 2011, by ordinary mail.

s/Ruth A. Gunther
Case Manager